UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES COOPER,

    Petitioner,

-vs-                                                  Case No. 8:10-CV-1353-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## O R D E R

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 16, 2010 (Dkt. 1). The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases (2010), and concludes that the petition is subject to summary dismissal as time-barred under 28 U.S.C. § 2244(d). *See Day v. McDonough,* 126 S.Ct. 1675, 1684 (2006) (district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions). *See also Jackson v. Sec. for the Dep't of Corrs.,* 292 F.3d 1347, 1348-49 (11th Cir. 2002) (before addressing the merits of a state prisoner's request for federal habeas relief, a district court may determine whether the petition is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")).

The AEDPA created a limitation period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's conviction was final on January 13, 2005,[1] and the federal limitation period expired one year later, absent tolling pursuant to 28 U.S.C. § 2244(d)(2). According to Petitioner's petition, he filed a motion to correct illegal sentence ("motion") on December 24, 2009 (Dkt. 1 at pg. 3). The motion, however, was filed well beyond the expiration of the federal limitation deadline. As a consequence, the motion did not toll the federal limitation period. "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

The Court takes judicial notice of information available June 17, 2010, on the database maintained by the Clerk of the Court, Sixth Judicial Circuit, Pinellas County, Florida,

---

[1] Petitioner's convictions were affirmed on direct appeal on October 15, 2004. *Cooper v. State*, 887 So. 2d 336 (Fla. 2d DCA 2004). Therefore, his judgment of conviction became final 90 days later on January 13, 2005. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (finding that the limitations period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired).

2

http://www.pinellasclerk.org, which indicates that Petitioner filed a post-conviction motion on January 13, 2005, that was denied on January 25, 2005. Also, Petitioner filed a post-conviction motion on June 13, 2005, that was dismissed on June 21, 2005. See Fed. R. Evid. 201. Therefore, even if these post-conviction motions tolled the federal limitation period through July 21, 2005,[2] Petitioner's December 24, 2009 motion did not toll the federal limitation period because it was filed after the limitation period expired on July 21, 2006. Consequently, Petitioner's federal petition is untimely.

**Equitable Tolling**

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). In the instant case, Petitioner has not alleged that there were extraordinary circumstances that were both beyond his control and unavoidable with diligence. Therefore, he is not entitled to equitable tolling. Consequently, the petition must be dismissed as time-barred.

Accordingly, the Court **ORDERS** that:

1. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time-barred.

2. The **Clerk** shall terminate any pending motions and close this case.

---

[2]There is no indication from the Pinellas County Clerk's website that Petitioner filed a notice of appeal from the denial of either post-conviction motion. Thus, the limitation period remained tolled until the time for filing a notice of appeal expired. *See McGee v. State*, 684 So. 2d 241 (Fla. 2d DCA 1996); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988).

3. If Petitioner can show by record evidence that his petition is not time-barred, the Court will entertain a motion to reopen this case if Petitioner files the motion on or before **July 17, 2010.**

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on June 17, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

4